HENRY G. MOLINA, Appellant, *v.* REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1109. Submitted November 2, 1942.—Decided December 14, 1942.

*Henry G. Molina, pro se.*

MR. JUSTICE SNYDER delivered the opinion of the court.

By a deed dated July 23, 1930, Francisca Rodríguez and her husband, Poncio Busó Pérez, bought a farm from Henry G. Molina and his wife and agreed to fulfill certain conditions in connection therewith. On the same date Francisca Rodríguez executed a special power of attorney in relation

to this farm in favor of her husband, reading in part as follows:

". . . it is her wish to grant power as ample as permitted by law, in favor of her wife (*sic*) Don Poncio Busó Pérez . . . in order that he may represent her in connection with the aforesaid farm, that is, the half share belonging to the appearing party in the conjugal partnership . . ."

On March 5, 1937 a district court entered a judgment of divorce in favor of Francisca Rodríguez against her husband. There is nothing in the record before us to show that a liquidation of the property of the conjugal partnership was ever effected. On March 25, 1942 Busó executed a deed, in his own right and as attorney in fact for his ex-wife, by which he "resold" the said farm, because he could not comply with the aforesaid conditions of the contract of sale, to Henry G. Molina and his wife for $500. One clause of this deed reads as follows:

"Third: The appearing parties make known that by virtue of this sale all rights or causes of action which they might have against one another in accordance with the terms and stipulations ꞏf the aforesaid deed number seventeen (17), executed before don Carlos del Toro Fernández on July twenty-three, one thousand nine hundred and thirty (July 23, 1930) are hereby canceled."

The registrar has refused to record the deed of March 25, 1942, on the grounds (1) that the power of attorney executed by the wife in favor of the husband in relation to this particular farm had no legal effect after the dissolution by divorce of the conjugal partnership which had existed between them, and (2) that the terms of the document are confusing and ambiguous, and neither the intention of the parties nor the nature of the contract clearly appears therein.

We shall first examine the second ground of the registrar. The registrar contends that the document is ambiguous and confusing in that although it provides that "it has not been possible for the buyer to comply with the terms of

the said deed of sale," it can not be concluded therefrom that the object of the contract was "to pay off the debt by transferring the real property in question"; that the deed can not be called one of resale because in the first deed of sale from Molina to Busó no pact of resale was established; and that the third clause of the deed is vague and obscure because in it it is not determined if what is contemplated "is the cancellation of the mortgage constituted" in the first deed "or the rescission of the deed of sale".

We are unable to follow the registrar in his contention. In the deed herein the parties entered into a contract of sale whereby Molina was vested with title to certain duly described property for $500 plus an agreement that by virtue of this sale *all* rights or causes of action that each might have against the other as a result of the original sale from Molina to Busó and his wife are canceled. We find nothing ambiguous, confusing, or vague in the document herein. There is nothing in the deed to which the parties under their freedom of contract (§1207, Civil Code, 1930 ed.) were not entitled to agree.

The fact that the parties have entitled this a document of "resale" is of no consequence. The nature of a contract is determined, not by the label affixed thereto by the parties, but by the provisions thereof and the law applicable thereto. (See *Sentencia del Tribunal Supremo de España* of June 30, 1881.) The cases cited by the registrar to sustain the second ground of his ruling have no bearing on this case, and we hold that this ground does not exist.

As to the registrar's first ground, the appellant contends that a power of attorney executed by a wife in favor of her husband is not revoked *ipso facto* by a decree of divorce dissolving their marriage, but specific revocation thereof by the wife is required. A negative answer to appellant's contention was given by this court in a case involving almost identical facts. *Garau* v. *Registrar*, 37 P.R.R. 651.

■ Appellant argues that, even under the rule of the *Garau* case, revocation of such a power of attorney by divorce does not become effective until the judgment of divorce has become final and unappealable. We have no occasion to consider that question here, as the husband in this case did not attempt to act under the power of attorney until five years after the divorce was granted by the district court. The appellant has made no showing that any appeal was ever prosecuted from that judgment. On the contrary, the deed of the appellant recites that Busó appeared as attorney in fact for Francisca Rodríguez, "who is . . . divorced".

The ruling of the registrar will be affirmed insofar as it denies the recordation of the sale of the ½ interest of Francisca Rodríguez, and will be overruled insofar as it denies the recordation of the ½ interest of Poncio Busó Pérez.